604 P.2d 1208

**In the Matter of Richard Allen SCHMIDT.**

No. 13442.

Supreme Court of Idaho.

Jan. 11, 1980.

Louis H. Cosho, Boise, for petitioner.

Linda L. Holdeman, Bar Counsel, Boise, for Idaho State Bar.

Before DONALDSON, C. J., BAKES, McFADDEN and BISTLINE, JJ., and SCOGGIN, J., Pro Tem.

PER CURIAM.

Petitioner Richard Allen Schmidt requests the Idaho Supreme Court to waive the requirement of Rule 103 of the Rules of the Idaho Supreme Court and the Board of Bar Commissioners of the Idaho State Bar (hereafter Rules) that an applicant to take the Idaho State Bar exam must have graduated from a law school accredited by the American Bar Association. This is Schmidt's second such petition.

In June of 1974 Schmidt graduated from the San Francisco Law School, which is accredited by the California State Bar Association but not by the ABA. In August of 1973, Schmidt became a permanent resident of the State of Idaho, and in January of 1974 became a non-attorney magistrate in Idaho's Fourth Judicial District. On April 17, 1974, about two months before his graduation, Schmidt petitioned the Idaho Supreme Court to waive the requirement of Rule 103 that he graduate from an accredited law school as a prerequisite to taking the Idaho bar exam. The court thereafter referred the matter to the Board of Bar Commissioners to determine whether the San Francisco Law School "substantially complies with the ABA standards although it is not accredited." After taking evidence the Bar Commissioners reported that the law school did not substantially comply and on November 7, 1974 the court denied Schmidt's petition.

On January 10, 1979, Schmidt petitioned the Bar Commissioners for permission to take the Idaho State Bar exam under Rule 104 as a judge applicant. The Commissioners denied his request because his court was not one of general jurisdiction as required by the rule. Schmidt thereafter brought this petition.

Two features distinguish this current petition from the one which the Supreme Court denied in 1974: (1) Schmidt has served as a magistrate for some 5 years and has been promoted to the highest rank possible for a lay magistrate; (2) he has passed the California state bar examination, and was admitted to practice in California in August of 1978.

We note, first, that there can be little doubt that this court possesses jurisdiction to rule on petitioner's request by way of its inherent power to regulate the practice of law in the State of Idaho. *Application of Kaufman,* 69 Idaho 297, 206 P.2d 528 (1949).

Under the circumstances presented by this case, we hold that petitioner's experience is the functional equivalent of that required by Rule 104. He has served as a lay magistrate in Idaho for some five years, dealing with the law and evaluating the work product of numerous lawyers on a daily basis. He graduated from a law school which, while not accredited by the American Bar Association, is accredited by the State of California, and he has been admitted to practice before the Supreme Court of California.

It is therefore ordered that petitioner be treated as an attorney applicant meeting the qualifications provided under Rule 104, and that, upon compliance with the other eligibility requirements that he be permitted to take the bar examination as provided by the Rules.